**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NATALIA CRESPO ROSADO, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FEDEX CORPORATION,**<br><br>**Defendant.** | **Case No.**<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Natalia Crespo Rosado ("Plaintiff") brings this Class Action Complaint individually and on behalf of all others similarly situated, against Defendant FedEx Corporation ("Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Natalia Crespo Rosado is a resident citizen of Buffalo, New York. Plaintiff has purchased goods through private carriers such as the Defendant and was required to pay tariffs for the shipment of goods coming from other countries which were collected by the Defendant.

2. Defendant FedEx Corporation is a foreign corporation registered to do business in New York. Defendant can be served via its registered agent CT Corporation System, 28 Liberty Street, New York, New York 10005.

3. FedEx Corporation is a publicly traded multinational corporation that provides transportation, logistics, e-commerce, and business services to customers throughout the United States and worldwide through a network of subsidiaries and operating divisions. FedEx's services include express delivery, ground parcel delivery, freight transportation, supply chain management, customs brokerage, and related logistics solutions.

4. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. At least one class member and Defendant are citizens of different states. And there are over 100 putative Class Members.

5. This Court has personal jurisdiction over Defendant because it regularly conducts business in New York and has sufficient minimum contacts in New York.

6. Venue is proper in this Court because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Defendant operates as common carrier and customs broker, providing shipping, logistics, and import clearance services for goods transported into the United States. In that capacity, Defendant routinely charged their customers purported "duties," "tariffs," and related surcharges as part of the importation and delivery process.

8. Section 321(a)(2)(C) of the Tariff Act of 1930, as amended, includes a subsection commonly known as the *de minimis* exemption, which authorizes the Secretary of the Treasury to waive certain duties, fees, and other taxes on certain low-value imports.

9. In 2024, for example, there were nearly four million low value imports a day, and roughly 1.3 billion overall.[1]

10. In or around August 2025, the federal government ended the *de minimis* exemption for low-value imports, which allowed shipments under $800.00 to enter the United States duty-free. As a result, every shipment, regardless of its value, became subject to duties, taxes, and processing fees.

11. Beginning in 2025, Defendant imposed and collected tariff-related charges purportedly authorized under the International Emergency Economic Powers Act ("IEEPA"). U.S.-based customers of Defendant were sent invoices weeks after receiving an order from a foreign e-commerce site, requiring them to pay additional duties on their order.

12. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

13. As a result of that decision, the charges Defendant imposed on Plaintiff and Class members were unlawful, invalid, and void.

14. Despite lacking lawful authority, Defendant charged, collected, and retained tariff-related fees from Plaintiff and Class members.

15. Defendant was not authorized by contract, statute, or law to charge or retain unlawful tariff-related fees.

16. Defendant's conduct breached their contracts with Plaintiff and Class members and violated the fundamental obligation of good faith and fair dealing inherent in those agreements.

---

[1] https://www.pbs.org/newshour/show/what-consumers-can-expect-as-de-minimis-exemption-ends#:~:text=Americans%20are%20no%20longer%20able,at%20the%20libertarian%20Cato%20Institute.

17. Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

18. Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

19. In December 2025, Plaintiff purchased an order from a foreign e-commerce site, which was delivered by Defendant on, or about, December 23, 2025. Later, Plaintiff received an invoice from Defendant in the amount of $13.74 for duties and disbursement fees. Payment of the invoice was made under the mistaken belief that her purchase was subject to the illegal tariffs. Payment would not have been made had Plaintiff known the duties and fees were illegal.

20. Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms. Plaintiff and Class Members were deceived by Defendant's conduct, which created a material mistake of fact and/or law and caused Plaintiff and Class Members pay their invoices or otherwise deprived them of a choice of whether to make the payment.

21. As a direct and proximate result of paying the unlawful tariffs, Plaintiff and Class members suffered financial injury.

22. Plaintiff brings this action individually and on behalf of all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

23. Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

## CLASS ALLEGATIONS

24. Plaintiff brings this class action on behalf of herself and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3). The class Plaintiff seeks to represent can be defined as:

> **Nationwide Class**: All persons in the United States who, within the applicable statute of limitations period, paid Defendant or any of its subsidiaries or agents for shipping services involving packages that were assessed additional fees, surcharges, duties, and other tariff-related amounts purportedly imposed pursuant to tariffs declared under the International Emergency Economic Powers Act (the "Class").

25. Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

26. Plaintiffs reserve the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

27. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

28. Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiffs estimate that the Class is comprised of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

29. Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, was assess unlawful fees by Defendant. Plaintiff is a member of the Class, and her claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

30. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interest antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

31. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

32. Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including, but not limited to:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b. Whether Defendant's conduct was unlawful , or otherwise actionable under applicable federal and state law;

c. Whether Defendant breached duties owed to Plaintiff and Class Members;

d. Whether Defendant passed tariff costs onto its customers by paying duties at customs and invoicing the recipient afterward;

e. Whether Defendant included additional processing or brokerage fees above and beyond the amount of the tariff costs;

f. Whether Defendant's conduct caused injury to Plaintiff and Class Members;

g. Whether Defendant was unjustly enriched; and

h. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

33. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

34. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

35. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

## CAUSES OF ACTION
## COUNT I: BREACH OF CONTRACT

36. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

37. Plaintiff and members of the Class entered into contracts with Defendant for shipping, brokerage, customs clearance, and related services (the "Shipping Contracts").

38. The Shipping Contracts include Defendant's Terms and Conditions, Service Guides, brokerage agreements, and related shipping documentation, which govern the parties' rights and obligations.

39. Under the Shipping Contracts, Defendant agreed to provide shipping and customs clearance services in exchange for specified fees and charges.

40. The Shipping Contracts authorize Defendant to collect and pass through only lawful duties, taxes, or governmental charges actually owed in connection with importation.

41. The Shipping Contracts do not authorize Defendant to charge, collect, or retain unlawful, invalid, or unauthorized duties, tariffs, or related surcharges.

42. Defendant charged Plaintiff and Class members additional fees, surcharges, duties, and tariff-related amounts purportedly imposed pursuant to tariffs declared under the International Emergency Economic Powers Act ("IEEPA").

43. The Supreme Court of the United States has held that IEEPA does not authorize the President to impose tariffs, and that such tariffs were unlawful and imposed without statutory authority.

44. As a result, the tariff-related charges Defendant imposed and collected were unlawful and not authorized governmental duties.

45. By charging and collecting unlawful tariff-related fees, Defendant breached the express terms of the Shipping Contracts.

46. Defendant further breached the Shipping Contracts by failing to refund unlawful charges collected from Plaintiff and Class members.

47. Defendant's conduct also breached the implied covenant of good faith and fair dealing inherent in every contract.

48. Defendant exercised its contractual discretion in bad faith by charging and retaining fees that were not legally owed and that Defendant was not authorized to impose.

49. Defendant's conduct deprived Plaintiff and Class members of the benefit of their bargain, which was to pay only lawful and authorized shipping-related charges.

50. As a direct and proximate result of Defendant's breaches, Plaintiff and Class members suffered damages, including but not limited to:

a. Payment of unlawful tariff-related charges;

b. Payment of unlawful brokerage and related fees;

c. Overpayment for shipping services; and

d. Loss of use of money.

51. Plaintiff and Class members are entitled to recover damages, restitution, and all other relief permitted by law.

**COUNT II: UNJUST ENRICHMENT**

52. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

53. Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying tariff-related charges, and additional fees imposed by Defendant.

54. Defendant knowingly received and accepted these benefits.

55. The tariff-related charges Defendant imposed and collected were unlawful and unauthorized.

56. Defendant collected and retained funds to which it was not legally entitled.

57. Defendant also collected brokerage fees, administrative fees, and related charges based upon unlawful tariffs.

58. Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

59. It would be inequitable and unjust for Defendant to retain these funds.

60. Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

61. Defendant was unjustly enriched at the expense of Plaintiff and Class members.

62. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

**COUNT III: DECLARATORY JUDGMENT**

63. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

64. Plaintiff and Class Members are consumers of Defendant's products and services. Defendant collected brokerage fees, administrative fees, and related charges from Plaintiff and Class Members based upon IEEPA tariffs. Plaintiff and Class Members were sent invoices weeks after receiving an order from a foreign e-commerce site, requiring them to pay additional duties on their order.

65. The tariff-related charges Defendant imposed and collected were unlawful and unauthorized.

66. Defendant has filed suit against the U.S. government, alleging it has suffered injury from having to pay IEEPA duties to the United States and requesting a full refund of what it paid for IEEPA tariffs. However, Defendant passed the cost of the IEEPA tariffs onto consumers like Plaintiff and Class Members.

67. Despite the IEEPA tariffs being declared illegal, Defendant continues to collect payment for the tariffs and assess related charges and fees. Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiffs and Class Members.

68. As a direct and proximate result of the Defendant's conduct, Plaintiff and Class Members suffered damages.

69. In light of the foregoing, a substantial controversy exists between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.

70. Under the Declaratory Judgment Act, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further relief as necessary.

71. Accordingly, Plaintiff and Class Members are entitled to a declaration that any contract, agreement or other arrangement that permitted Defendant to collect funds from Plaintiff and Class Members for IEEPA tariff related charges is rescinded and void *ab initio*.

72. Plaintiff and Class Members are also entitled to declaration that any refund Defendant obtains from the U.S. government for IEEPA tariffs must be returned to Plaintiff and Class Members.

73. Plaintiff and Class Members are also entitled to a declaration that any additional brokerage fees, administrative fees, or charges Defendant collected from Plaintiff and Class Members in relation to IEEPA tariffs must be refunded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order determining that this action is properly brought as a class action and certifying Plaintiffs as representatives of the Class and their counsel as Class Counsel;

(b) For an order declaring that Defendant's conduct violates the causes of action referenced herein;

(c) For an order declaring that Defendant is obligated to reimburse Plaintiff and Class Members for any and all sums paid in connection with unlawful tariffs;

(d) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(e) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(f) For pre-judgment interest on all amounts awarded;

(g) For an order of restitution and all other forms of equitable monetary relief;

(h) For injunctive relief as pleaded or as the Court may deem proper;

(i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(j) Such other and further relief as the Court deems necessary and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: March 6, 2026.

Respectfully Submitted,

By: */s/ Jason Sultzer*
Jason P. Sultzer
**SULTZER & LIPARI PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Phone: (845) 483-7100
Fax: (888) 749-7747
Email: sultzerj@thesultzerlawgroup.com

Paul J. Doolittle, Esq.*
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
**Pro Hac Vice* forthcoming
*Attorneys for Plaintiff and Proposed Class*